Case 3:25-cv-00122-DJN Document 1 Filed 02/17/25 Page 1 of 8 PageID# 29

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOHN H. HILL,**

*Plaintiff,*

v.

Civil Case No.: 3:25-cv-00122-DJN

**NAVISTAR, INC.**

<u>Please Serve Registered Agent</u>:
Corporation Service Company
100 Shockoe Slip, Fl 2
Richmond, VA 23219

*Defendant.*

---

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, John H. Hill ("*Plaintiff*"), and moves the Court for judgment against Defendant Navistar, Inc. ("*Navistar*"), on the basis of the following facts and law:

## PARTIES

1. Plaintiff John H. Hill is a resident of Little Egg Harbor, New Jersey (Ocean County, NJ) and owner of a 2025 Coachman Entourage 340BH motor home, VIN# 1HTKTSWM5PH491881, Serial#: E1P432007.
2. Defendant Navistar is a corporation organized under the laws of Delaware with a principal place of business located in Lisle, Illinois (DuPage County, IL).

## JURISDICTION

3. This Honorable Court has Diversity Jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff John H. Hill is a resident of Little Egg Harbor, NJ (Ocean County, NJ); Defendant Navistar is a corporation organized under the laws of Delaware with a principal place of business located in Lisle, IL (DuPage County, IL).

4. Additionally, this Honorable Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. The amount in controversy exceeds $50,000.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business within this District.

## FACTS

6. Plaintiff, John H. Hill, is an individual residing in New Jersey.

7. Defendant, Navistar, Inc., is a corporation with its principal place of business in Illinois.

8. On May 30, 2024, Plaintiff purchased a 2025 Coachman Entourage motor home (VIN: 1HTKTSWM5PH491881; Serial#: E1P432007) from General RV Center in

Ashland, VA for a total cost of $199,005.83. This motor home is equipped with a chassis manufactured by the Defendant.

9. Immediately upon delivery, the motor home chassis exhibited significant and dangerous defects, including, but not limited to, engine failure; fuel system defects; structural and mechanical problems; problems with the unit's generator; and other defects and nonconformities in the chassis as described below.

10. **Engine Failure**: Immediately after purchasing the motor home on May 30, 2024 – within a mile of leaving the dealership -- the motor home lost power while merging onto Interstate 95 due to engine failure, posing a hazard in high-speed traffic. Specifically, the engine failure involved a sudden reduction in power, and the vehicle switched to low-speed mode while merging onto the Highway. This presented a very dangerous condition with a large motor home on the Interstate Highway with limited power unable to go more than 20-25 mph. This malfunction has since recurred multiple times, despite assurances from the dealership that it would not happen again.

11. **Fuel System Defects**: The motor home exhibited severe fuel system problems, including fuel blowback, leaks, and a restriction that limited fuel intake to seven gallons at a time. These defects required frequent stops to refuel and caused fuel to leak from the bottom of the vehicle.

12. **Structural and Mechanical Problems**: The motor home's suspension was so rough that it caused physical damage to the vehicle, such as snapped spot welds on the heat shield and screws being pulled out of place. Additionally, the doors

would not stay on track or close properly, the power cord reel became unsecured, drawers would not stay closed, and the power recliner would not function.

13. The motor home was returned to the dealership and was out of service for two days for repairs purportedly related to a "*re-gen*" mode issue.

14. On May 31, 2024 while driving to New Jersey – one day after the serious safety defect was purportedly repaired -- the motor home went into limp mode again! The motor home was towed to a certified Navistar dealership, Rush Truck Centers in Ashland, VA, for repairs.

15. The motor home was returned to the Plaintiff on or around July 12, 2024, but remained out of service for 42 days due to a defective Exhaust Gas Recirculation valve and the inability to repair the vehicle.

16. On August 29, 2024, during a trip to Connecticut, the motor home again experienced engine failure, entering low-speed mode amidst heavy highway traffic. The Plaintiff called for assistance and was told to just drive the motor home when the regeneration cycle ended, as that is all that could be done.

17. On the same trip, Plaintiff encountered severe fuel system malfunctions, including fuel blowback, leaks, and a restriction limiting fuel intake to seven gallons at a time.

18. Despite multiple repair attempts, the motor home’s defects persist, significantly impairing its use, safety, and market value.

19. Defendant has received formal written notice of the defects and nonconformities that exist in the malfunctioning and defective motor home, and they have had ample time to correct them. These unresolved defects compromise the motor home's use, safety, and market value, significantly affecting Mr. Hill's ability to use the motor home as intended.

## COUNT I: VIOLATIONS OF THE VIRGINIA MOTOR VEHICLE WARRANTY ENFORCEMENT ACT § 59.1-207 et. seq.

20. Plaintiff alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Plaintiff Hill is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the "*Virginia Lemon Law*"), Virginia Code Section 59.1-207.11.

22. Defendant Navistar, Inc. is a manufacturer as defined by Virginia Code Section 59.1-207.13. The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform (nonconforming) vehicle[s] to such warranties*" that are provided to the consumer. Virginia Code Section 59.1-207.12.

23. Defendant Navistar, Inc. was unable to repair Plaintiff's motor home after it was presented for repairs for a serious safety defect. Virginia Code § 59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a

reasonable number of times and the motor home is significantly impaired or unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes.

24. Defendant has been unable to repair Plaintiff's motor home after a reasonable number of repair attempts. Virginia Code § 59.1-207.13(B)(3) provides that "*it shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer … the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days.*" The Plaintiff's motor home has been out of service for more than 30 days and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

## **COUNT II: VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT 15 U.S.C. § 2301 ET SEQ.**

25. Plaintiff alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

26. Plaintiff is a consumer as defined in 15 U.S.C. § 2301(3). Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4)-(5). The subject motor home is a consumer product as defined in 15 U.S.C. § 2301(1).

27. The subject motor home was manufactured after July 4, 1975, and an express Limited Warranty and an Implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written

warranty and implied warranty as contained in 15 U.S.C. § 2301(6)-(7) respectively.

28. The Limited Warranties have failed their essential purpose, and the Defendant has violated the Magnuson-Moss Warranty Act by failing to comply with their written and implied warranties due to their inability to repair or replace the nonconformities within a reasonable time and have refused to provide the Plaintiff with a refund as required in 15 U.S.C. § 2304(a)(1).

29. Under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., Defendant was obligated to perform adequate repairs or replacements to ensure the motor home conformed to the applicable warranties.

30. The Defendant has also breached their implied Warranties of Merchantability since the motor home, in view of the nonconformities that exist, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S.C. § 2308, § 2310(d).

31. Defendant's failure to repair or replace the defective camper constitutes a violation of the Magnuson-Moss Warranty Act.

32. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including but not limited to, loss of use of the motor home, diminution in value, and out-of-pocket expenses for attempted repairs. Plaintiff seeks to recover as damages the purchase price of the motor home ($199,005.83), as well as all finance charges, incidental costs, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney

fees in the amount of one-third of the amount recovered, or $750 per hour, whichever is greater, expert witness fees, court costs, and all other damages equity and/or law may seem meet.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John H. Hill respectfully requests that this Court enter judgment in his favor and against Defendant, Navistar, Inc.in the amount of $199,005.83 as well as all incidental costs, compensation in the amount of $20,000 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest, post-judgment interest, court costs, and all other damages equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

**JOHN H. HILL**

**By: /s/ James B. Feinman, Esq.**
Attorney for Plaintiff John H. Hill

James B. Feinman (VSB# 28125)
James B. Feinman, Attorney at Law
PO BOX 697
Lynchburg, VA 24505
Telephone: (434) 846-7603
Fax: (434) 846-0158
Email: JB@JFEINMAN.COM
*Attorney for Plaintiff John H. Hill*